# In the United States Court of Federal Claims

| | |
|---|---|
| MARTIEN EERHART,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 25-cv-1204<br><br>Filed: July 22, 2025 |

**ORDER**

On July 17, 2025 Plaintiff Martien Eerhart, proceeding *pro se*, filed his Complaint, styled as an "[a]dministrative claim under the Federal Tort Claims Act" (FTCA). ECF No. 1 (Compl.) at 1. It is well established, however, that this Court lacks jurisdiction over claims sounding in tort or brought under the FTCA. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction . . . in cases not sounding in tort."); *U.S. Marine, Inc. v. United States*, 722 F.3d 1360, 1371 (Fed. Cir. 2013) ("If a tort claim is brought under the FTCA, it plainly cannot be adjudicated in the Claims Court . . . ."). Simply put, Plaintiff has filed his FTCA claim in the wrong venue. Accordingly, the Court must dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. Rule 12(h)(3).

In his Complaint, Plaintiff alleges that the United States Department of Justice (DOJ) committed tortious acts against him and violated numerous constitutional provisions. Compl. at 1–10. Specifically, Plaintiff alleges "wrongful detention, delayed trial, withholding and destruction of evidence, unlawful deportation, [and] unauthorized access to personal data." *Id.* at 1. Along with his Complaint, Plaintiff attaches (i) a two-page summary of his claim, *id.* at 3–4,

(ii) a "Summary of Supporting Documents and Incident," *id.* at 5–7, and (iii) a copy of a complaint he previously filed in the United States District Court for the Southern District of Texas, *id.* at 8–10. He further "request[s] that the Department of Justice review this claim in accordance with FTCA procedures and provide a response within the statutory six-month period." *Id.* at 1.

This Court must dismiss claims outside its subject matter jurisdiction and "must address jurisdictional issues, even *sua sponte*, . . . whether raised by a party or not . . . ." *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019); *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (citing Rule 12(h)(3)) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim."); Rule 12(h)(3). When considering its jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). The Court liberally construes complaints filed by *pro se* plaintiffs because *pro se* filings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Although held to a less stringent standard, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *see also Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) ("[T]he leniency afforded to pro se litigants with respect to mere formalities does not relieve them of jurisdictional requirements."). While a *pro se* complaint may include ambiguities, the fact that a litigant chooses to proceed *pro se* "does not excuse [] failures" on the merits. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

Plaintiff's claims must be dismissed for two reasons. *First*, as a general matter, this Court lacks jurisdiction to hear claims sounding in tort. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction . . . in cases not sounding in tort."); *see also Lopez v. United States*, No. 24-1860, 2025 WL 685917, at 2* (Fed. Cir. Mar. 4, 2025) (citing *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997)) ("[T]he Court of Federal Claims correctly identified that it lacks jurisdiction over tort actions against the United States.").[1] *Second*, this Court lacks jurisdiction to hear claims brought under the FTCA because "Congress committed the adjudication of [FTCA] liability to the '*exclusive* jurisdiction' of the district courts." *U.S. Marine, Inc.*, 722 F.3d at 1366 (citing 28 U.S.C. § 1346(b)(1)) (emphasis in original); *see also Barksdale v. United States*, No. 25-1386, 2025 WL 1214725, at *1 & n.1 (Fed. Cir. Apr. 28, 2025) (explaining that this Court lacked jurisdiction over FTCA claims "because exclusive federal court original jurisdiction . . . lies in the district court").[2] Accordingly, as this Court lacks subject matter jurisdiction to hear Plaintiff's claims, it must dismiss the Complaint. Rule 12(h)(3).

---

[1] In the attachments, to his Complaint Plaintiff also references alleged "constitutional violations." Compl. at 1, 5, 9. These include asserted violations of (i) the Fourth Amendment, (ii) the Due Process Clause of the Fifth Amendment, (iii) the right to a speedy trial under the Sixth Amendment, and (iv) the Fourteenth Amendment. *Id.* at 5, 9. It is unclear whether Plaintiff is alleging those violations anew here or is simply attaching filings from his prior case in the Southern District of Texas. Regardless, this Court lacks jurisdiction over such constitutional claims because none are money-mandating, a prerequisite to invoke the Court's jurisdiction. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc); *see also Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."); *Brown*, 105 F.3d at 623 ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over such a violation."); *Smith v. United States*, 36 F. App'x 444, 446 (Fed. Cir. 2002) (noting that this Court lacks jurisdiction over claims for violation of the Sixth Amendment).

[2] It appears Plaintiff believes he filed an administrative claim with the Department of Justice instead of a complaint in federal court. *See* Comp. at 1 (addressing Complaint to the "Claims Officer" and requesting that the "Department of Justice" review his claim). This Court is neither the Department of Justice, nor the proper venue for an administrative tort claim. Further, this

3

**CONCLUSION**

For the reasons discussed above, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** for lack of subject matter jurisdiction pursuant to Rule 12(h)(3). The Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3) as Plaintiff submitted documentation satisfying the statute's requirements. *See* 28 U.S.C. § 1915. The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

---

Court is not a conduit to route FTCA claims to the Department of Justice. Rather, administrative tort claims must be filed directly with the appropriate federal agency. *See* 28 U.S.C. § 2675(a) (requiring a plaintiff to "first present[] [an FTCA] claim to the appropriate Federal agency" before initiating an action against the United States); *see also Mone v. United States*, 766 F. App'x 979, 985 (Fed. Cir. 2019) (explaining that Section 2675(a) "provides the jurisdictional requirement that claimants must exhaust their administrative remedies prior to filing an FTCA claim"). In short, Plaintiff has not filed his FTCA claim in the correct place.